UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH INC. and COACH SERVICES, INC.,

    Plaintiffs,

v.                                                                                          Case No. 15-10740

SOURCE II, INC. and CERHUE ANDRE
WAKLER, Individually and d/b/a SOURCE II,
INC.,

    Defendants.
                                           /

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DENYING BOTH PARTIES' MOTIONS TO STRIKE**

Now before the court is a Motion for Partial Summary Judgment as to liability (Dkt. # 24) filed by Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively "Coach") and a Motion for Summary Judgment (Dkt. # 23) filed by Defendants Source II, Inc. and Cerhue Andre Walker. The motions are fully briefed and the court finds that a hearing is unnecessary. *See* E.D. LR 7.1(f)(2). For the reasons discussed below, the court will grant Plaintiffs' motion in part and deny Defendants' motion. Also before the court are the parties' Motions to Strike. (Dkt. ## 31, 33.) Because the court will resolve the underlying summary judgment motions, both motions to strike will be denied as moot.

**I. BACKGROUND**

Unless otherwise noted, the following facts are undisputed. Coach is an American business that manufactures and sells fine leather products and other accessories. (Dkt. # 24, Pg. ID 184). Coach owns an extensive portfolio of well-known,

easily recognized, and federally registered trademarks. (*Id.*) Coach has expended substantial resources developing, advertising, and otherwise promoting these marks. (*Id.*) As a result, consumers readily identify merchandise bearing Coach marks as being of high quality and originating with Coach. (*Id.*)

Defendant Cerhue Andre Walker is the sole member and owner of Defendant Source II, Inc., which operates the clothing and accessory store, The Source Apparel. (Dkt. # 24, Pg. ID 192.) Defendants are not licensed or otherwise authorized to use Coach's marks. (Dkt. # 8, Pg. ID 55.)

Defendants' showroom, while appearing legitimate, was in fact a "front" for a hidden backroom where counterfeit apparel and accessories were sold. (Dkt. #31-5, Pg. ID 544.) On December 4, 2014, law enforcement officials executed a search warrant at The Source Apparel and seized thousands of counterfeit handbags, wallets, and accessories worth approximately $1,671,040. (Dkt. # 23, Pg. ID 140; Dkt. # 24, Pg. ID 192-93.) Four counterfeit Coach purses were among the products seized. (Dkt. # 23-5, Pg. ID 164). A Coach investigator working with law enforcement examined the purses and concluded that they were counterfeit. (Dkt. #23-1, Pg. ID 147-48.) Defendant Walker was indicted on felony counterfeiting charges, (Dkt. # 27-4, Pg. ID 292), and he eventually plead "no contest" to attempted counterfeiting/willful possession with intent to deliver counterfeit marks under Mich. Penal Code § 750.263(3). (Dkt. # 31-4.)

Plaintiffs now bring the present action against Defendants claiming trademark infringement, counterfeiting, and false designation of origin under the Lanham Act, 15 U.S.C. § 1114 *et seq.*, state common law trademark infringement and unfair competition claims, a claim under the Michigan Consumer Protection Act ("MCPA"), Mich. Comp.

2

Laws § 445.903(1), and unjust enrichment. Plaintiffs also claim Defendant Walker should be held personally liable. (Dkt. # 1, Pg. ID 16-17.) Plaintiffs seek partial summary judgment as to Defendants' liability. (Dkt. # 24.) Defendants have also filed a Motion for Summary Judgment. (Dkt. # 23.)

## II. STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). The movant has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]hat burden may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (internal quotation marks omitted).

The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citation omitted). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986). In evaluating a summary judgment motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial . . .

credibility judgments and weighing of the evidence are prohibited." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs seek partial summary judgment holding Defendants liable for trademark infringement, counterfeiting, and false designation of origin under the Lanham Act, 15 U.S.C. § 1114 *et seq.*, state common law trademark infringement and unfair competition claims, a claim under the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.903(1), and unjust enrichment. Plaintiffs also seek to hold Defendant Walker personally liable for these claims. (Dkt. # 24.) For the reasons that follow, the court will grant Plaintiffs' motion except as to unjust enrichment.

##### 1. Plaintiffs' Trademark, Unfair Competition, and MCPA Claims

The Lanham Act provides that a party is liable to a trademark registrant for infringement when he or she "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods" and "such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). In effect, Plaintiffs must show (1) a valid mark (2) use in commerce and (3) likelihood of confusion. *Id.* "The touchstone of liability under § 1114 is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods . . . ." *Vision Info. Techs., Inc. v. Vision IT Servs. USA, Inc.*, 156 F. Supp. 3d 870, 879 (E.D. Mich. 2016)

4

(Edmunds, J.) (quoting *Leelanau Wine Cellars, Ltd. V. Black & Red, Inc.*, 502 F.3d 504, 512 (2007)).

Michigan's common law unfair competition rule is codified in Mich. Comp. Law § 429.42(a), which provides:

> "[a]ny person who shall:
>
> (A) Use, without the consent of the registrant, any reproduction, counterfeit, copy or colorable imitation of a mark registered under this act in connection with the sale, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services . . . is liable to a civil action by the owner of the registered mark for any or all of the remedies provided in section 13 . . . ."

The MCPA prohibits "unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce." Mich. Comp. Law § 445.903(1).

The Sixth Circuit applies the same "likelihood of confusion" test to determine liability for trademark infringement, unfair competition, and false designation of origin under the Lanham Act. *Audi AG v. D'Amato,* 469 F.3d 534, 542 (6th Cir. 2006) (citing *Two Pesos v. Taco Cabana*, 505 U.S. 763, 780 (1992)). Further, the same test applies for Plaintiffs' state law unfair competition claims and Michigan Consumer Protection Act claims. *Microsoft Corp. v. Compusource Distributors, Inc.*, 115 F. Supp. 2d 800, 807 (E.D. Mich. 2000) ("The applicable standard under the MCPA and under Michigan common law is the same as the tests for federal trademark infringement and federal

unfair competition under 15 U.S.C. §§ 1114(1) and 1125(a): whether confusion is likely."). Accordingly, the court will analyze all of these claims together.

In their responses to Defendants' interrogatories, Plaintiffs have identified five marks that the counterfeit goods allegedly infringed upon. (Dkt. # 31-2, Pg. ID 534-35 (identifying trademark registrations 4,105,636; 3,696,470; 3,338,048; 0,751,493; and 1,309,779).) Defendants have not disputed the validity of these marks, and point to nothing in the record to suggest that these are not the marks at issue. Thus, Defendants' arguments that Plaintiffs have not specifically identified which trademarks were counterfeited or shown that the marks were current and not "abandoned" are unsupported. (Dkt. # 28, Pg. ID 449-51.) In any event, Defendants cite no case law for the proposition that Plaintiffs must show precisely *which* marks were counterfeited when there is *no* dispute that Defendants had counterfeit Coach products, bearing counterfeit Coach marks. Defendants' attempts to muddy the waters without citation to the record or to the law must fail. Neither the identity nor the validity of the marks at issue are genuinely in dispute.

Nor is there any dispute that the counterfeit Coach purses seized from Defendants' store in the December 4, 2014 raid were offered for sale. (Dkt. # 24-2, Pg. ID 210 ("The investigator was asked to identify suspected counterfeit Coach Logo apparel seized from the location on display and offered for sale.").) Defendants' briefs vigorously deny that the purses were "on display," and rely entirely on an affidavit from Defendant Walker. (*See, e.g.*, Dkt. # 23, Pg. ID 10). Walker's affidavit denies that the purses were "on display" but conspicuously does not deny the allegation that they were offered for sale. (*Compare* Dkt. # 23-7, Pg. ID 177 ([A]t no time were there ever any

Coach purses on display at the premises on December 4, 2014) *with id.* at Pg. ID 178 ("[N]o coach wallets were on display *and/or for sale* at that time either.") (emphasis added).)

There is "no clearer 'use' of goods 'in commerce' than offering them for sale." *Lollard Tobacco Co. V. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 381 (6th Cir. 2006). Because it is undisputed that the purses were offered for sale – and thus were "use[d] in commerce" – whether they were *displayed* is not material. *See Allstate Ins. Co. v. Icon Health & Fitness, Inc.*, 361 F. Supp. 2d 673, 675 (E.D. Mich. 2005) (Gadola, J.) (citing *Kendal v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) ("A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties."). Thus, there is no dispute of fact material to whether the counterfeit marks were used in commerce.

Ordinarily, the 6th Circuit considers several factors to determine whether an allegedly infringing use is likely to cause confusion: (1) strength of the plaintiff's mark, (2) relatedness of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) likely degree of purchaser care, (7) Defendants' intent in selecting the mark, and (8) likelihood of expansion of the product lines. *Lollard*, 453 F.3d at 380-81. However, where the defendant "has misappropriated precise counterfeits of the plaintiff's trademarks on goods that compete with the trademark holder's own goods" a likelihood of confusion is presumed. *General Motors Corp. V. Autovation Technologies, Inc.*, 317 F. Supp.2d 756, 761 (E. D. Mich. 2004) (O'Meara, J.) (citing *Ford Motor Co. v. Lloyd*, 22 Fed.Appx. 464, 467 (6th Cir. 2001). As

previously discussed, there is no genuine dispute that the four purses bore counterfeit Coach marks. Thus, the likelihood of confusion is presumed. Even if likelihood of confusion were not presumed, the strength of Coach's marks, the relatedness of the goods, the similarity of the marks, and Defendants' intent to sell counterfeit Coach merchandise all weigh heavily in favor of finding a likelihood of confusion.

It is not genuinely disputed that Defendants offered counterfeit Coach purses for sale and those purses are presumed to have been likely to confuse consumers as to the origin of the products. *Id.* As a result, there is no triable issue of fact material to Defendants' liability for the claims turning on likelihood of confusion, and Plaintiffs are entitled to partial summary judgment on these claims.

### 2. Unjust Enrichment

The record does not support a grant of summary judgment as to Plaintiffs' claim for unjust enrichment. In Michigan, a claim for unjust enrichment consists of (1) the receipt of a benefit by Defendants from Plaintiffs and (2) an inequity resulting to Plaintiffs because of the retention of the benefit by Defendants. *Erickson's Flooring & Supply Co., Inc. V. Tembec, Inc.*, 212 Fed. App'x. 558, 564 (6th Cir. 2007) (citing *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375 (1993)). Despite Plaintiffs' assertion that Defendants have "unjustly retained a benefit from the sale of counterfeit products bearing Coach Marks . . . ," (Dkt. # 24, Pg. ID 202), Plaintiffs have failed to point to any evidence to show that counterfeit Coach products have been *sold*. It is not enough, at the summary judgment stage, to generally aver that "more than a million dollars' worth of counterfeit products of Defendants were seized by law enforcement." Plaintiffs have

failed to carry their burden to show they are entitled to judgment as a matter of law on this claim.

### 3. Defendant Walker's Personal Liability

Plaintiffs also seek to hold Defendant Walker personally liable for these claims. Corporate officers may be held individually liable for Lanham Act claims "when the employee or corporate officer personally takes part in the infringing activity or directs others to do so." *Innovation Ventures, L.L.C. v. Aspen Fitness Prod.*, *Inc.*, No. 11 CV 13537, 2015 WL 11071470, at *16 (E.D. Mich. Mar. 31, 2015) (Murphy, J.) (quoting *Days Inn Worldwide, Inc. V. Adrian Motel Co.,* No. 07-13523, 2009 WL 3199882, at *11 (E.D. Mich. Setp. 30, 2009) (Zatkoff, J.)). Corporate officers may similarly be held individually liable for acts of unfair competition. *Id.*

Here, Defendant Walker was the sole owner and officer of Defendant Source II, and Plaintiffs have pointed to evidence in the record suggesting that Defendant Walker was directly involved in offering the counterfeit Coach products for sale, not to mention managing the greater scheme to distribute counterfeit merchandise. (Dkt. # 24, Pg. ID 203.) Defendants have not addressed the issue of personal liability at all, either in briefing their Motion for Summary Judgment (Dkt. # 23) or in their Response to Plaintiffs' Motion for Partial Summary Judgment (Dkt. # 28). Based on all the evidence and Defendants' complete failure to respond to Plaintiffs' argument, the court will hold Defendant Walker liable in his individual capacity.

### B. Defendants' Motion for Summary Judgment

In support of their Motion for Summary Judgment, Defendants rely entirely on a minor quibble with the Complaint's characterization of the investigation, a bare assertion

that the "Investigative Report" offered by Plaintiffs should be excluded as hearsay, and a brief affidavit from Defendant Walker stating that no Coach purses were on display. (Dkt. # 23, Pg. ID 139-42). Defendants' four-page brief in support cites no case law and provides no logical connection between its arguments and Plaintiffs' claims. (Dkt. # 23, Pg. ID 139-42.) Neither does Defendants' Reply. (Dkt. # 29.) In fact, Defendants' briefs do not discuss, or even identify, Plaintiffs' claims at all.

In this circuit, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Meridia Prod. Liab. Litig. v. Abbott Laboratories*, 447 F.3d 861, 868 (6th Cir. 2006) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Defendants' arguments in support of their Motion for Summary Judgment are inadequately developed, and are therefore deemed waived. *Id.*

Further, Defendant Source II has failed to respond to Plaintiffs' Requests for Admission, served in July of 2015. (Dkt # 27, Pg. ID 248-49.) Plaintiffs' requests included, "Admit that on or about December 4, 2014, products, including, but not limited to, handbags and a wallet, bearing [the marks at issue] were on display and being offered for sale in plain view at [The Source Apparel]," and a request to admit that the products "were not authentic products manufactured by Coach." (Dkt. # 27, Pg. ID 405.) Ordinarily, the failure to timely respond would cause these requests to be deemed admitted. Fed. R. Civ. P. 36(a)(3). Defendants argue that Defendant Walker responded – though it is unclear whether his response was timely – and "it is clear that [Defendant Source II's responses] would be the same as those provided by Mr. Walker." (Dkt. # 29,

Pg. ID 485). Presumably, Defendants mean to argue that Defendant Walker's response retroactively counts for Defendant Source II despite no indication that it was meant to at the time. However, Defendants neither advance that argument nor provide any authority to support it. *See id.* Defendants' single-sentence response is insufficient. *See Meridia*, 447 F.3d at 868. Defendant Source II failed to respond to the Requests for Admission and therefore is deemed to have admitted that the products were not authentic and were offered for sale. Thus, Defendants would not be entitled to summary judgment on their claims for this alternative reason.

Even if they were to be considered, Defendants' arguments lack merit. First, Defendants insist that it was the Detroit Police Department, and not the Department of Homeland Security Investigations Unit, that carried out the raid. (Dkt. # 23, Pg. ID 140-41.) Defendants' fixation on how the investigating agency should be characterized is misguided, as the issue is immaterial. Defendants' insistence that the counterfeit purses were not "on display" is similarly misguided, as already discussed. Finally, even assuming Defendants are correct that the investigative report prepared by Plaintiffs' agent (Dkt. # 23-2) is inadmissible hearsay and that no hearsay exception applies, its content could be established by live testimony of the agent. *Bailey v. Floyd of Cnty. Bd. Educ. By and Through Towler*, 106 F.3d 135, 145 (6th Cir. 1997) ("The proffered evidence need not be admissible in *form*, but its *content* must be admissible.") (emphasis in original). Finally, for all the above reasons that Plaintiffs are entitled to partial summary judgment as to liability, Defendants are not entitled to summary judgment.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment (Dkt. # 24) is GRANTED IN PART. Plaintiff's Motion is DENIED with respect to Plaintiffs' claim for unjust enrichment, and GRANTED on all other counts. Defendants' Motion for Summary Judgment (Dkt. # 23) is DENIED.

IT IS FURTHER ORDERED that the parties' respective Motions to Strike (Dkt. # 30 & Dkt. # 33) are DENIED as moot.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  September 13, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 13, 2016, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\15-10740.COACH.summary.judgment.tlh.wpd