UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH INC. and COACH SERVICES, INC.,

    Plaintiffs,

v.                                                                          Case No. 15-10740

SOURCE II, INC. and CERHUE ANDRE
WAKLER, Individually and d/b/a SOURCE II,
INC.,

    Defendants.

                                       /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR
RECONSIDERATION AND DIRECTING ADDITIONAL BRIEFING**

    On September 13, 2016, the court granted in part Plaintiffs' Motion for Partial Summary Judgment as to Defendant's liability and denied Defendant's Motion for Summary Judgment. (Dkt. # 37.) The court now considers Defendants' Motion for Reconsideration. (Dkt. # 38.) The court will deny Defendants' motion.

    Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). The court will not grant motions for reconsideration that "merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

    Defendants argue that this court's reference to Defendant Walker's no contest plea constitutes a "palpable defect." (Dkt. # 38, Pg. ID 627.) Because the court merely referenced the plea in setting out the factual background of the dispute, Defendants

argument is mistaken. The plea does not "pervade[] the entire Opinion," (*id.*) it is merely referenced in setting out the factual background and has no impact on the court's reasoning.

Whether one of the five marks identified by Plaintiffs is, in fact, abandoned similarly has no impact on the disposition of the partial summary judgment motion. The court has found that Defendants are liable for trademark infringement – the degree of Defendants' liability is a damages question that remains unresolved.

Contrary to Defendants' argument, the court did not "misapply" Mich. Comp. Law § 429.42, because the court did not "apply" the statute. Plaintiff brings its unfair competition claim under Michigan common law, the reference to the statute served only to sketch out the basic contours of a common law claim.

Defendants' remaining arguments seek to re-litigate the "same issues ruled upon by the court" and must fail. E.D. Mich. L.R. 7.1(h)(3). Accordingly,

IT IS ORDERED that Defendants' Motion for Reconsideration (Dkt. # 38) is DENIED.

In a September 26, 2016 informal status conference, Plaintiffs' indicated that they would seek only statutory damages on their claims. IT IS FURTHER ORDERED that Plaintiffs shall file a supplemental brief by **November 1, 2016** addressing the statutory damages to which they allege they are entitled.

   s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2016, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

C:\Users\wagner\AppData\Local\Temp\notesDF63F8\15-10740.COACH.deny.reconsideration.further.briefing.damages.wpd