**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

COACH, INC. and COACH SERVICES, INC.,

    Plaintiffs,

    v.                                    Case No. 15-10740

SOURCE II, INC. and CERHUE ANDRE
WALKER, individually and d/b/a SOURCE II,
INC.,

    Defendants.
                                     /

**ORDER DENYING MOTION TO EXPAND RECORD ON APPEAL**

Following the court's order granting summary judgment as to liability on most of Plaintiffs' claims (Dkt. #37) and order awarding statutory damages (Dkt. #48), the court entered judgment and a permanent injunction against Defendants (Dkt. #52). Defendants appealed. (Dkt. #53.) Presently before the court is Defendants' motion to supplement the record on appeal. For the following reasons, Defendants' motion is denied.

The record on appeal includes "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). A district court is permitted to correct the record on appeal where "anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e). The purpose of the rule is "is to allow the court to correct omissions from or misstatements in

the record for appeal, not to introduce new evidence in the court of appeals." *United States v. Smith*, 344 F.3d 479, 486 (6th Cir. 2003) (citation and alteration omitted).

Defendants ask that the court expand the record to include: (1) Defendant Walker's Response to Request for Admissions (Dkt. #27-9); (2) Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories to Plaintiffs; (3) Defendants' Amended Response to Plaintiffs' Request for Statutory Damages (Dkt. #43); and (4) Plaintiffs' Reply in Support of Their Request for Statutory Damages (Dkt. #45). Defendants contend that these documents are necessary "to present a full and fair reply to [Plaintiffs'] Response Brief" on appeal. (Dkt. #55 Pg. ID 819.)

At the outset, it appears that Defendants misunderstand what is included in the record on appeal. Pursuant to Federal Rule of Appellate Procedure ("FRAP") 10(a)(1), the record includes all papers and exhibits filed in the district court. The Sixth Circuit directly accesses the district court's electronic record, which includes the papers and exhibits filed in the district court. 6 Cir. R. 11(a)(1).[1] While the Sixth Circuit requires that the parties designate relevant documents as part of their principal briefs, *see* 6 Cir. R. 30(g)(1)[2], failure to designate a document does not remove it from the record on appeal. Three of the four documents identified by Defendants are already on the court's docket and are thus already part of the record on appeal. (*See* Dkt. ##27-9, 43, 45.)

---

[1] The Sixth Circuit Rules are available at http://www.ca6.uscourts.gov/sites/ca6/files/documents/rules_procedures/Full%20Rules%20w%20FRAP_hyper.pdf.

[2] In their reply brief on the present motion, Defendants attach the parties' designation and counter-designation of relevant documents ostensibly provided to the Sixth Circuit. (Dkt. ##57-2, 57-3.) The court assumes that this is the basis for Defendants' apparent belief that the court's entire docket is not part of the appeal record.

In any event, Defendants fail to explain how the four identified documents (including the one document not already on the court's docket) amount to an omission or misstatement that requires correction by the court. Defendants argue that these documents are necessary to "refute" statements made by Plaintiffs in appeal briefing. (Dkt. #55 Pg. ID 821; Dkt. #57 Pg. ID 906.) But the purpose of FRAP 10(e) is to permit the district court to correct misstatements and omissions in the district court record—not to permit parties to rebut arguments or present new evidence on appeal. Defendants have not demonstrated that the sole document not already on the court's docket—Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories to Plaintiffs—is necessary to correct a misstatement or omission of the record before this court. Accordingly,

IT IS ORDERED that Defendants' motion to expand the record on appeal (Dkt. #55) is DENIED.

s/Robert H. Cleland             /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 7, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner             /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\KNP\Civil\15-10740.COACH.deny.expand.appeal.record.KNP.docx